BAKER, Judge,
dissenting.
[27] I respectfully dissent. ■ In ■ my view, the majority’s interpretation, of the statutes at issue is overly technical. When Father filed his- initial motion to modify child custody, he indicated his intent - to move out of state and to seek custody of L.T. Prior to that time, the parties shared joint legal and physical custody of both children. Father’s initial motion indicated that he anticipated a change in custody and/or child support. All of these factors, together, served to put the parties and the trial court on notice that child support was an issue. Moreover, that would logically be the case, given the dramatic changes in custody and geographical location that would occur if Father’s motion was granted.
[28] As the majority notes, thé purpose of the statutorily required notice is “to provide the means for the trial court to modify visitation and support orders that may become unreasonable. due to a long distance move by the custodial parent.” Fridley v. Fridley, 748 N.E.2d 939, 941 (Ind.Ct.App.20Ql). In this case, the trial court was aware that Father intended to relocate from Indiana to Alabama and that Father was seeking physical custody of L.T. Clearly, the parties’ existing child support arrangement would need to be modified, notwithstanding the fact that neither party filed a motion to modify until March - 6, 2013. Under these circumstances, I believe that the trial court was correct to order that Father’s modified child support obligation was retroactive to May 4, 2011. Therefore, I would affirm the trial court, and respectfully dissent from the result reached by the majority.